**WIZMUR, GORDON & FINBERG, LLP**
**Layne S. Gordon, Esquire**
**Evesham Commons, Suite 200**
**525 Route 73 South**
**Marlton, NJ 08053**
**(856)988-9055**
**Attorneys for Debtors, Ronald & Janice Clawges**

| | |
|---|---|
| **RONALD CLAWGES and** : | **UNITED STATES BANKRUPTCY COURT** |
| **JANICE CLAWGES** : | **FOR THE DISTRICT OF NEW JERSEY** |
| Debtor : | **CASE NO.: 06-18606/GMB** |
| **RONALD CLAWGES and** : | |
| **JANICE CLAWGES** : | **AP NO:** |
| Plaintiffs/Debtors : | **ADVERSARY COMPLAINT** |
| vs. : | |
| **AFNI, INC.** : | |
| & : | |
| **VERIZON** : | |
| & : | |
| **I.C. SYSTEMS, INC.** : | |
| Defendants : | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter FDCPA).

2. This is an action for damages brought by an individual consumer for Defendant's violation of the Automatic Stay pursuant to 11 U.S.C. § 362.

## II. JURISDICTION

3. The Plaintiff filed this Chapter 13 case on September 12, 2006. This case was converted to a proceeding under Chapter 7 on February 20, 2007. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 157 and 1334. This adversary proceeding is a core proceeding.

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

### III.  PARTIES

4.	Plaintiffs are natural persons residing at 211 Sharrow Vale Road, Delran, New Jersey 08075.

5.	The Defendant, AFNI, Inc. (hereafter "AFNI"), is a corporation or business entity engaged in the business of collecting debts in the State of New Jersey with a place of business located at 404 Brock Drive, Bloomington, IL 61702.  The principal purpose of Defendant's business is the collection of debts using the mail and telephones.  Defendant regularly attempts to collect debts alleged to be due another.

6.	The Defendant, Verizon, is a communications service provider in the State of New Jersey with a place of business located at 140 West Street, New York, NY 10007.

7.	I.C. System, Inc., is a corporation or business entity engaged in the business of collecting debts in the State of New Jersey with a place of business located at 444 Highway 96 East, St. Paul, MN 55164.  The principal purpose of Defendant's business is the collection of debts using the mail and telephones.  Defendant regularly attempts to collect debts alleged to be due another.

8.	John A. Casarow, Jr. is the duly appointed Chapter 7 Trustee in this case with an address of
32 N. Pearl St., PO Box 337, Bridgeton, New Jersey, 08302.  Although not a party to this action, the Trustee is a party in interest and will receive notice of the adversary proceeding.

### IV.  FACTUAL ALLEGATIONS

9.	The Plaintiff's case was commenced by the filing of a Chapter 13 voluntary petition with the Clerk of this Court on September 12, 2006.  The Plaintiff's case was thereafter converted to a Chapter 7 case on February 20, 2007.

10.	The Plaintiff's voluntary petition listed Verizon as an unsecured creditor.  The Plaintiff

specifically listed Verizon in the amount of $137.55 as an unsecured debt. See attached Schedule F as Exhibit "A".

11. On September 15, 2006 Verizon was notified by a Bankruptcy Noticing Center, that the Plaintiff had filed a voluntary Chapter 13 bankruptcy petition. On February 24, 2007, Verizon was notified by a Bankruptcy Noticing Center, that the Plaintiff's case was converted to a proceeding under Chapter 7. The Notice of Bankruptcy also informed Verizon that the Plaintiff had obtained counsel, listing the address and telephone number where counsel could be contacted. Furthermore, the Notice informed Verizon that "the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor." It goes on to state that, "If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized." See attached Notice of Bankruptcy and Certificate of Service as Exhibit "B".

12. On September 15, 2006 IC Systems, Inc. was notified by a Bankruptcy Noticing Center, that the Plaintiff had filed a voluntary Chapter 13 bankruptcy petition. On February 24, 2007, I.C. Systems, Inc. was notified by a Bankruptcy Noticing Center, that the Plaintiff's case was converted to a proceeding under Chapter 7. The Notice of Bankruptcy also informed I.C. Systems that the Plaintiff had obtained counsel, listing the address and telephone number where counsel could be contacted. Furthermore, the Notice informed I.C. Systems that "the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor." It goes on to state that, "If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized." See attached Notice of Bankruptcy and Certificate of Service as Exhibit "B".

13. On or about November 18, 2007 the Plaintiff received a debt collection letter from AFNI The letter was send on behalf of Verizon attempting to collect on the "Account" in the amount of $137.55. In the letter, AFNI requested that the Plaintiff, "resolve this account." See attached collection notice as Exhibit "C".

14. As a result of the act alleged above, the Plaintiff is now fearful that he/she will continue to receive debt collection notices from AFNI on behalf of Verizon despite his/her Chapter 7 status.

15. As a result of the act alleged above, the Plaintiff has suffered damages, both statutory and actual.

## V.  FIRST CLAIM FOR RELIEF

16. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through thirteen (13) as though set forth herein at length.

17. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

> a. Defendants violated the FDCPA by using prohibited communication practices by communicating directly with the plaintiff with knowledge did not want to be contacted directly and the plaintiff was represented by an attorney in violation of 15 U.S.C. § 1692(c)(a)(2).
>
> b. Defendants violated the FDCPA by failing to represent the legal status of the Plaintiff's debt as included in their Chapter 7 bankruptcy petition in violation of 15 U.S.C. § 1692(e)(2).

18. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of the Plaintiff's actual damages, statutory damages, and cots and attorney fees.

## VI.  SECOND CLAIM FOR RELIEF

19. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through sixteen (16) as though set forth herein at length.

20. Defendant's actions constitute a violation of the Automatic Stay thereby violating 11 U.S.C. § 362 of the Bankruptcy Code.

21. As a result of the above violation of the Automatic Stay, the Defendant is liable to the Plaintiff in the sum of the Plaintiff's actual damages, statutory damages, punitive damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants in the amount of:

    a.    actual damages;

    b.    statutory damages pursuant to 15 U.S.C. § 1692(k);

    c.    costs and reasonable attorney's fees;

    d.    for such other and further relief as may be just and proper.


DATE:   December 13, 2007                     /s/ Layne S. Gordon
                                                 LAYNE S. GORDON, ESQUIRE